### COMMONWEALTH *vs.* MARCUS H. HOWES.

Barnstable.    December 2, 30, 1929. — January 16, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Shellfish. Statute*, Amendment, Construction. *Practice, Criminal*, Agreed statement of facts. *Constitutional Law*, Due process of law, Impairment of obligation of contract, Regulation of the taking of shellfish.

When adopted, the amendment contained in St. 1889, c. 391, § 1, of Pub. Sts. c. 91, § 68, became a part of the original statute to the same extent as to everyone as if it always had been contained therein unless it involved the abrogation of contractual relations between the State and others.

As the record before this court, upon a report of the trial in the Superior Court on an agreed statement of facts of a complaint charging that the defendant in 1927 did take clams from the shores and tide waters of the town of Barnstable, without a permit, for other than his family use, contained no suggestion that a contractual relation existed or ever had existed between the Commonwealth and the defendant or between the Commonwealth and any predecessor in title of the defendant, the statute above described in its amended form was effective as to the defendant.

The Legislature by St. 1889, c. 391, § 1, intended to enlarge the scope of Pub. Sts. c. 91, § 68, without action by cities and towns and to meet the possible objection or defect in the original statute that the power to control and regulate did not include the power to prohibit.

St. 1911, c. 499, § 5, did not have the effect of superseding the general laws covering the subject of protecting and preserving shellfisheries within the town of Barnstable, but granted the right to make local laws provided they do not infringe upon the general laws.

The report by the judge of the Superior Court of the trial above described stated that the sole question it presented was whether G. L. c. 130, § 84, "is unconstitutional, as violating art. 1, § 10, of the Constitution of the United States, and/or art. 14 of the Amendments thereto, and/or arts. 1 and 12 of the Declaration of Rights in the Constitution of Massachusetts." In this court the defendant admitted the power of the Commonwealth to regulate by statute the taking and sale of fish and shellfish, but denied its right to take from him, a private owner, his entire right to cultivate and propagate shellfish in soil owned by him. The case was tried in the Superior Court on an agreed statement of facts, from which it appeared merely that the defendant claimed the fee to the land from which the clams were taken under a deed of a certain date preceding the act charged in the complaint, but it did not appear what title his grantor had to convey to him, nor that an "area which had been closed" under the order which the defendant was charged with violating was to be permanently or absolutely closed beyond a time that was reasonably necessary for the protection of the public interest in the shellfisheries of the Commonwealth. *Held,* that no constitutional right of the defendant was shown to have been violated.

COMPLAINT, received and sworn to in the First District Court of Barnstable on October 24, 1927, and described in the opinion.

On appeal to the Superior Court, the complaint was tried before *Broadhurst,* J., on an agreed statement of facts. Material facts and rulings by the trial judge are described in the opinion. The defendant was found guilty, and the judge reported the case for determination by this court.

*H. A. Baker,* for the defendant.

*F. E. Smith,* Assistant District Attorney, for the Commonwealth.

PIERCE, J. This is a criminal complaint brought against the defendant, under G. L. c. 130, § 84, wherein, in substance, it is charged that the defendant on September 24, 1927, did take clams from the shores and tide waters of the town of Barnstable without a permit, for other than

his family use. The defendant, before arraignment in the District Court, and on appeal in the Superior Court, moved to dismiss the complaint for lack of jurisdiction on the ground that the statute if enforced against him would deprive him of his property without due process of law, would take his private property for public use, and would impair the obligations of a contract. The case was tried to a jury on an agreed statement of facts. The defendant moved the judge to instruct the jury to find the defendant not guilty. The motion was denied, and the jury found the defendant guilty. The judge reported the case to this court at the request of the defendant and with his consent, with the statement that the sole question presented by this report is "Whether the statute is unconstitutional, as violating art. 1 § 10, of the Constitution of the United States, and/or art. 14 of the Amendments thereto, and/or arts. 1 and 12 of the Declaration of Rights in the Constitution of Massachusetts."

The agreed statement of facts discloses that, at a legal town meeting held in March, 1883, the town of Barnstable voted "that the Selectmen be instructed to make such regulations as to the taking of shell-fish as they deemed best under section 68 [of c. 91] of Public Statutes of this Commonwealth and that in granting permits to take shell-fish under the provisions of Chapter 91 of said Statutes, they grant the same only to citizens of this Town, they being applicants therefor"; that the defendant, as a resident citizen of Barnstable, held a license under a grant from the selectmen of Barnstable under the provisions of St. 1911, c. 499, as amended by St. 1914, c. 43, which had expired at the date of the alleged offence; that on or about September 24, 1927, he took clams for market purposes, without a permit which was required, from the area covered by the grant before it expired, with due notice that the area had been closed by the selectmen. It was further agreed that the defendant claimed the fee to the land from which clams were taken, under a deed dated November 10, 1926, which was recorded August 29, 1927, in the Barnstable County registry of deeds.

Apart from the constitutionality of the statute, the defendant contends that the court was without jurisdiction because his alleged offence was made a crime only by the operation of an alleged unaccepted amendment. Pub. Sts. c. 91, § 68; G. L. c. 130, § 84. He further contends that the general law as contained in G. L. c. 130, § 84, was superseded by St. 1911, c. 499, within the town of Barnstable.

Pub. Sts. c. 91, § 68, so far as the wording is material to the issue first presented by the defendant, reads: "The mayor and aldermen of cities and the selectmen of towns, when so instructed by their cities and towns, may control and regulate the taking of eels, clams, quahaugs, and scallops within the same, including ponds which are now or may hereafter be leased by the commissioners." St. 1889, c. 391, § 1, so far as material reads: "Section sixty-eight of chapter ninety-one of the Public Statutes is hereby amended by adding after the word 'regulate' in line three of said section the words: — or prohibit." When adopted, the legislative amendment became a part of the original statute to the same extent as to every one as if always contained therein unless the amendment involves the abrogation of contractual relations between the State and others. *Fitzgerald* v. *Lewis*, 164 Mass. 495, 499. *Wheelwright* v. *Tax Commissioner*, 235 Mass. 584, 585. It is to be noted that the record here contains no suggestion that such relation exists or ever existed between the Commonwealth and this defendant or between the Commonwealth and any predecessor in title of the defendant.

It is incontrovertible that the Legislature without the concurrence of cities and towns could have appointed as its agents the public officers named in the statutes under consideration, with every power which concededly was given such officers by cities and towns acting under the authority of St. 1880, c. 200, Pub. Sts. c. 91, § 68, and subsequent statutes including G. L. c. 130, § 84, and at all times could have enlarged or taken away in whole or in part the power of instruction which it had conferred upon cities and towns by the statutes above referred to. It is plain the Legislature purposed by St. 1889, c. 391, § 1, to enlarge the scope of St.

1880, c. 200 (Pub. Sts. c. 91, § 68,) without action by cities and towns and to meet the possible objection or defect in the original statute that the power to control and regulate does not include the power to prohibit. *Austin* v. *Murray,* 16 Pick. 121.

St. 1911, c. 499, § 5, which reads, "The town of Barnstable, at any legal meeting called for the purpose, may make such by-laws as the town may from time to time deem expedient, to protect and preserve the shellfisheries within said town: provided, always, that no such by-law shall infringe the laws of the Commonwealth," does not have the effect of superseding the general laws covering the subject matter, but grants the right to make local laws provided they do not infringe upon the general laws. It is to be noted that in fact the town of Barnstable has not adopted any by-laws under the authority conferred upon it by St. 1911, c. 499.

It is settled by the case of *Commonwealth* v. *Hilton,* 174 Mass. 29, 33, that the Legislature had the power to enact the statutes here involved "in the public interest to determine the mode of using fisheries, even to the granting of exclusive rights of fishing to individuals . . . at particular places in tide water . . . which do not impair other private rights already vested." "The common right of the public and the right of regulation are the same in regard to shell fish as in regard to swimming fish." The defendant admits the power of the Commonwealth to regulate by statute the taking and sale of fish and shellfish, but denies its right to take from him, a private owner, his entire right to cultivate and propagate shellfish in soil owned by him. For the purposes of this case several complete answers are open to the Commonwealth: (1) It does not appear in the agreed statement of facts what title, if any, the grantor of the defendant had on November 10, 1926, when the deed of Edwin J. Hannah, trustee, was delivered to the defendant. For aught that appears in the agreement of facts or in description of the premises conveyed, the grantor was a riparian proprietor whose interest in the soil was not an absolute and unqualified ownership which necessarily ex-

cluded a public right to the fishing. *Weston* v. *Sampson,* 8 Cush. 347, 354. (2) It is plain the agreement that "The defendant claims the fee to the land from which clams were taken under a deed dated November 10, 1926," is far from an agreement that the defendant in fact and law held a fee in the closed area and that that deed was unqualified as against the Commonwealth. *Commonwealth* v. *Alger,* 7 Cush. 53, 65. *Weston* v. *Sampson, supra. Butler* v. *Attorney General,* 195 Mass. 79. Moreover, it does not appear in the agreement of facts that the "area which had been closed" was to be permanently or absolutely closed beyond a time that was reasonably necessary for the protection of the public interest in the shellfisheries of the Commonwealth. No constitutional right of the defendant was violated. *Commonwealth* v. *Alger, supra. Weston* v. *Sampson, supra. Butler* v. *Attorney General, supra. Jubilee Yacht Club* v. *Gulf Refining Co.* 245 Mass. 60, 63, 64.

*Judgment affirmed.*