## SUMMERS v. COLLECTOR OF TAXES OF SCOTLAND COUNTY, MO., et al.

### No. 10810.

Circuit Court of Appeals, Eighth Circuit.

Nov. 16, 1937.

Jennie Summers, pro se.

L. F. Cottey, of Lancaster, Mo., for appellees.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The appellant is a farm debtor who filed a petition under section 75 of the Bankruptcy Act, as amended, 11 U.S.C. § 203 .(11 U.S.C.A. § 203). This appeal is from an order of the court below refusing to approve, and dismissing, the petition on the sole ground "that the estate of the debtor is now and has been since July 17, 1933, in administration in this court [the court below] in case No. 1784, under the provisions of section 74 of the Bankruptcy Act [11 U.S.C.A. § 202 and note]."

The only question which this court is called upon to determine is whether the fact that the estate of the debtor was being administered under section 74 of the Bankruptcy Act, as amended (11 U.S.C.A. § 202), which section relates to all debtors except corporations, was a sufficient ground upon which to base the order refusing to approve, and dismissing, her petition filed under section 75 of the Bankruptcy Act, which provides for the relief of farm debtors.

Sections 74 and 75 were originally added as amendments to the Bankruptcy Act of 1898 by an Act of March 3, 1933, 47 Stat. 1467. By an Act of June 28, 1934, 48 Stat. 1289, a subdivision (s) was added to section 75. This subdivision (s) of section 75 was declared unconstitutional by the Supreme Court in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106. A new subdivision (s) was added to section 75 by an Act of August 28, 1935, 49 Stat. 942 (11 U.S.C.A. § 203(s). This new subdivision (s), in paragraph (5), provided: "Any farm debtor who has filed under [this title] the General Bankruptcy Act may take advantage of this section upon written request to the court; and a previous discharge of the debtor under any other section of this Act [title] shall not be grounds for denying him the benefits of this section."

By this language Congress clearly intended to accord to any farm debtor the benefits of section 75, notwithstanding the pendency, at the time of the adoption of the new subdivision (s), of a proceeding instituted by the farm debtor under some other section of the "General Bankruptcy Act."

■ If section 74 is to be regarded as a part of the "General Bankruptcy Act" by virtue of its being an amendment to the Bankruptcy Act of 1898, the new subdivision (s) of section 75 expressly authorized the appellant to take advantage of section 75, notwithstanding the pendency of her proceeding under section 74. It is clear that section 74 was, at the time of the adoption of the new subdivision (s) of section 75, as much a part of the Bankruptcy Act as any other section of the act. Unity v. Burrage, 103 U.S. 447, 456, 26 L.Ed. 405; Kelleher v. French (D.C.W.D. Va.) 22 F.(2d) 341, 347; Commonwealth v. Howes, 270 Mass. 69, 169 N.E. 806, 807.

■ Just what Congress intended to denote by the use of the word "General" before the words "Bankruptcy Act" in new subdivision (s) of section 75 is not entirely clear, but it is apparent that it was the purpose of Congress to accord all farm debtors, in so far as possible, the benefits provided for in section 75. We think that it must be held that a farm debtor who had filed a petition under section 74 of the Bankruptcy Act was as much entitled to take advantage of section 75 as was a farm debtor who had filed under any of the other sections of that act. Had the court below based its order upon a finding that the estate of the debtor had been completely administered under section 74 and that there was nothing left upon which new subdivision (s) of section 75 could operate, a different question would be presented.

The order appealed from is reversed.