ANINOS v. MAGUIRE.

In re SERVICE BAKING CO., Inc.

No. 9224.

Circuit Court of Appeals, Sixth Circuit.

May 14, 1942.

818

Walter M. Nelson, of Detroit, Mich. (Isaac M. Smullin and Walter M. Nelson, both of Detroit, Mich., on the brief), for appellant.

Justin C. Weaver and Wm. W. Brashear, both of Detroit, Mich. (Oxtoby, Robison & Hull and Darden & Brashear, all of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Appellant seeks review of an order of the District Court denying a petition to set aside an adjudication in bankruptcy of the Service Baking Company, Inc.

In 1936, Christ Petrouleas, Louis Aninos, Peter Aninos, and the Atlantic Baking Company, a corporation, entered into a contract in which Petrouleas became the owner of certain stock in the corporation. The principal stockholders, before the execution of this contract, had been the two Aninos brothers, who had apparently organized the corporation some years previously, under the name of the Atlantic Baking Company, which was thereafter changed to Service Baking Company, Inc. From the unsatisfactory and fragmentary record, it appears that the effect of the transaction was that Petrouleas purchased stock from the corporation; and the corporation, using the proceeds of the sale of stock to Petrouleas, thereafter purchased real estate from the Aninos brothers.

More than four years after this transaction, a bill of complaint was filed in the Wayne Circuit Court on behalf of Peter Aninos, alleging fraud, deceit, and misrepresentation practiced upon Peter Aninos by Petrouleas; asking that the above-mentioned stock sale and conveyance of real estate be set aside; and praying for an injunction and accounting. The case came on to be heard in the Circuit Court. Plaintiff's claim was that Peter Aninos had been insane at the time of the transaction in question and that this fact was known to Petrouleas and enabled him to commit the fraud alleged. Peter Aninos has never been adjudicated an insane person, as far as the record discloses; but it is asserted that during the trial in the State Court, the trial judge had determined that Peter had been insane as alleged and that Petrouleas knew of that fact. However, this is not substantiated by the record before us, and whatever may be surmised or concluded from appellant's allegations in her petition to set aside the adjudication in bankruptcy, as to the attitude of the State Court on this question during the trial of that case, it appears that the trial was postponed before that court had heard any of the testimony on behalf of the defendants, which included Petrouleas and the corporation. Appellant alleges that a postponement of the trial was permitted on application of the defendants to amend their answer, and that in the ensuing interval, such defendants caused the petition in bankruptcy to be filed, which, it is claimed, was a fraud upon the State Court as well as upon the Federal Court.

The petition in voluntary bankruptcy, setting forth corporate liabilities of $99,190.75 and assets of $24,817.57, was filed pursuant to a corporate resolution, passed at a meeting attended by the three directors. Petrouleas and Hioureas voted in favor of the resolution. Louis Aninos voted against it. In response to a question by the court on the argument in this cause, it was stated by counsel for appellee—and uncontradicted by appellant's counsel— that there was no question but that the corporation was insolvent at the time the petition was filed.

When the corporation was adjudicated bankrupt, Frances Aninos, guardian ad litem of Peter Aninos, filed a petition similar to one filed by Louis Aninos, based upon alleged fraud and deceit on the part of Petrouleas, in taking advantage of the mental incapacity of Peter Aninos. But Louis Aninos was a party to the same transaction, and had been advised by legal counsel throughout the matter; and it seems remarkable that on June 11, 1938, two years after the alleged insanity of Peter Aninos, upon which so much reliance is placed by appellant and Louis Aninos,

we find that Louis and Peter were executing contracts in which Peter assigned all of his rights and claims against the corporation, to Louis, at the same time executing a power of attorney to him; and both brothers, pursuant to action at a meeting of the corporate directors, executed an instrument, in consideration of a certain stock transfer, discharging the corporation and Petrouleas from all claims Peter and Louis might have against them.

From the time Petrouleas became associated with the Aninos brothers and the corporation, he contributed the sum of $40,000 to the venture in question, which is now lost to him through the bankruptcy proceedings, commenced by him on behalf of the corporation.

None of the foregoing facts, however, control our determination.

In the District Court, when appellant's petition came on for hearing, the chief ground relied upon for setting aside the adjudication in bankruptcy was that Peter Aninos was insane at the time the transaction was entered into with Petrouleas; that during the partial trial in the Wayne Circuit Court, the Circuit Judge had indicated that, in his mind, there was no question but that Peter Aninos was insane at the time of the transaction; and that this fact was known to Petrouleas.

Although numerous propositions are argued in appellant's brief, the only question to be decided is whether the District Court should have granted the petition to set aside the adjudication in bankruptcy. Appellant claims the transaction between Aninos brothers and Petrouleas was void because of the insanity of Peter Aninos; that, therefore, Petrouleas never became the owner of the stock; and, while it is not explicitly so contended, we assume appellant's claim to be that the alleged ownership and voting of the stock received by Petrouleas in a void transaction, could not have made him legally a director of the company, and that any action of the board, in which Petrouleas cast a deciding vote as a director, was invalid. On the basis of this contention, appellant insists that the action of the board, directing the filing of the voluntary petition, was unauthorized, and that the District Court never thereby obtained jurisdiction to enter the adjudication in bankruptcy.

■ In Cochran Timber Co. v. Fisher, 190 Mich. 478, 157 N.W. 282, 284, 4 A.L.R. 9, it was held that "a deed of one insane, if not previously adjudicated to be such or placed under guardianship, is merely voidable and can subsequently be ratified by the grantor when mentally normal, as in case of a minor upon coming of age." If it be conceded that Peter Aninos was insane when he entered into the agreement with his brother, the corporation, and Petrouleas, the transaction was only voidable, and until set aside, Petrouleas was the owner of the stock, and was, at least a de facto director of the corporation; and it follows that the District Court obtained jurisdiction on the petition for voluntary bankruptcy authorized by the majority of the Board of Directors.

■ Furthermore, from the certificate of the District Judge relating to the petition for appeal to this court in forma pauperis, it appears that when appellant's petition to vacate the adjudication in bankruptcy came on for hearing, the court gave appellant the opportunity to present her proofs, or testimony, in support of the petition, and that she failed to avail herself of such opportunity, "or to present any evidence to the court." Appellant's reason, or that of her counsel, for failing to go forward with her proofs, is unexplained; and we cannot agree with counsel's contention on the argument that, under any of the circumstances of this case, the District Court was under an obligation to conduct an independent investigation, or to proceed with an inquiry sua sponte, merely because of the allegations contained in appellant's petition.

Any claims that appellant may have against the corporation are properly presentable in bankruptcy; and it appears from the bankruptcy petition that Peter Aninos was listed by Petrouleas as claiming $42,000 by reason of the pending case in the Wayne Circuit Court. Any claims appellant may have against Petrouleas can be adjudicated in the State Court, if appellant so desires. In the filing of the petition in voluntary bankruptcy, there is nothing to substantiate the claim that a fraud was perpetrated upon the State Court, or upon the Federal Court.

The petition to appeal in forma pauperis in this matter was filed without application to the District Court, or without leave of that court; and, thereafter, the District Court filed a certificate, setting forth that in its opinion the appeal was not taken in good faith and that it was not meritorious, but frivolous. Leave to file the appeal was

granted in this court because of the nature of the charges of fraud alleged to have been perpetrated against an insane person, and for the purpose of inspecting the record to guard against a miscarriage of justice. Determination of a motion to dismiss the appeal was reserved.

Section 832, 28 U.S.C.A., provides: "Any citizen * * * may, upon order of the court, commence and prosecute * * * an appeal to the circuit court of appeals, * * * unless the trial court shall certify in writing that in the opinion of the court such appeal * * * is not taken in good faith." Where the trial court has certified that the appeal is not in good faith it is held that the Circuit Court of Appeals lacks jurisdiction over such appeal in forma pauperis. In re Wragg, 5 Cir., 95 F.2d 252, certiorari denied 305 U.S. 596, 59 S.Ct. 80, 83 L.Ed. 377; Waley v. Johnston, 9 Cir., 104 F.2d 760.

Upon a consideration of the record, briefs and argument, it is our conclusion that there is no merit in the appeal; and the motion to dismiss is, accordingly, granted.