## In re WRAGG. *
### No. 8745.

Circuit Court of Appeals, Fifth Circuit.

March 8, 1938.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Loosely and informally presented to the court, this record consists of a file of papers containing a petition for leave to appeal in forma pauperis from an order dismissing a proceeding under subsection (s) of section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203(s). An uncertified copy of the order sought to be reviewed is attached. Dated January 4, 1938, it sustains objections to the debtor's proposal to her creditors, and denies her leave to amend in order to obtain the benefits of said subsection (s), but grants leave to file a voluntary petition in bankruptcy.

*Rehearing denied April 7, 1938.

The file also contains an affidavit of the debtor averring poverty, reciting dismissal of the original petition, and asserting belief that she is entitled to the redress which she seeks; a purported copy of petition for appeal in forma pauperis, addressed to the District Court; purported copy of objection of creditor to allowance of said appeal; purported copy of order denying the same, and certifying that, in the opinion of the trial court, the appeal was not taken in good faith; an alleged brief history of the case; purported copy of the petition of a secured creditor for foreclosure of its lien under a former decree of the court, suspended by the approval of the original petition; and purported order granting the petition of the secured creditor for foreclosure. Neither the affidavit, the petition, nor the so-called brief history of the case shows why the proposal of the debtor was not approved, nor why the petition was dismissed and leave for further proceedings under subsection (s) denied. The only reference in any of the papers which throws any light on the merits of the case is a recital in the order from which the appeal is sought, that, in view of the conclusion reached by the court, "it is unnecessary to pass on the question of whether the debtor is a farmer or not within the meaning of the law."

Several reasons present themselves, but we think the petition should be denied on the certificate of the trial court that, in its opinion, the appeal was not taken in good faith. By the express terms of the statute, the right to prosecute an appeal to this court in forma pauperis is withheld in cases where the trial court makes such certificate. 28 U.S.C.A. § 832.

It is ordered that the petition be, and the same hereby is, denied.