## WRAGG *v.* FEDERAL LAND BANK OF NEW ORLEANS.

No. 172.   Argued December 10, 1942.—Decided January 4, 1943.

*Mr. Jack Crenshaw,* with whom *Messrs. Walter J. Knabe* and *Elmer McClain* were on the brief, for petitioner.

*Mr. Thomas Harvey Hedgepeth* for respondent.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

After her petition for a composition or extension of her debts in a farmer-debtor proceeding under § 75 of the

Bankruptcy Act, 11 U. S. C. § 203, had been dismissed, petitioner applied to reopen the proceeding or, in the alternative, to be permitted to institute a new proceeding under § 75. The questions for our decision are whether the courts below erred in denying her application and whether, at the time of her application, her right as mortgagor to redeem Alabama real estate after its sale on foreclosure of the mortgage was such that it can be administered by the court in a § 75 proceeding.

In 1937, after respondent mortgagee had obtained a decree of foreclosure, but before foreclosure sale, petitioner filed a petition under § 75 seeking a composition or extension of her debts. The bankruptcy court referred the proceeding to a conciliation commissioner; petitioner filed proposed terms of composition or extension to which respondent filed objections; the conciliation commissioner then recommended that the offer be not approved, on the ground that it did not contain an equitable and feasible method of liquidating respondent's claim and of securing petitioner's financial rehabilitation.

The court confirmed the report of the conciliation commissioner, holding that petitioner was not entitled to amend her petition so as to proceed under § 75 (s), and directed that the proceeding be dismissed as of January 19, 1938. Petitioner's motion for leave to appeal to the Circuit Court of Appeals in forma pauperis and her petition for certiorari to this Court were denied. 95 F. 2d 252; 305 U. S. 596. After the farmer-debtor proceeding was dismissed respondent purchased the mortgaged property at a foreclosure sale, which was confirmed in April, 1938. Nearly a year later, respondent contracted to sell the property to a third party, the contract stipulating that it was "subject to the statutory right of redemption following foreclosure if any exists."

Alabama law allows to the mortgagor a two-year redemption period after foreclosure sale. Title 7, § 727,

Code of Alabama, 1940. On March 11, 1940, one day before the expiration of this period,[1] petitioner filed her application in the bankruptcy court. It referred to her prior § 75 proceeding, alleging that her property had not been fully administered in that proceeding and that she was entitled to further relief, especially in the light of the changed conditions and interpretation of the Act (obviously a reference to the decision in *John Hancock Ins. Co. v. Bartels,* 308 U. S. 180, decided December 4, 1939). She accordingly prayed that the case be reopened and reinstated. In the alternative she asked that, if she were entitled only to file a new petition, then her former schedules should be deemed a part of her petition, and she offered to pay such filing fees as the statute requires.

The district court thought that even though the dismissal of the original proceeding was erroneous under the rule subsequently announced in the *Bartels* case, there were no circumstances sufficient to persuade the court, in the exercise of its discretion, that the proceeding should be reopened upon an application filed more than two years after it had been dismissed. The court accordingly denied the application. 34 F. Supp. 374. The Circuit Court of Appeals for the Fifth Circuit affirmed. 125 F. 2d 1003. We granted certiorari, *post,* p. 608, the questions raised being of importance in the administration of the Bankruptcy Act.

We do not differ with the conclusion of both courts below that it was within the sound discretion of the bankruptcy court to decline to reopen the original order of dismissal. A motion to reopen a proceeding may not properly be substituted for an appeal from its decision. See *Wayne Gas Co.* v. *Owens Co.,* 300 U. S. 131, 135; *Pfister* v. *Northern Illinois Finance Corp., ante,* pp. 153–

---

[1] Petitioner contends that on March 11, 1940, nearly six weeks of the period of redemption remained. We find it unnecessary to determine the correctness of this contention.

154. But the dismissal of the original proceeding and denial of the application to reopen it were not bars to a new proceeding under § 75 to secure whatever relief the Act would afford with respect to petitioner's remaining interest in the mortgaged property. We find no intimation in the language and purposes of the Act that an unsuccessful earlier proceeding would preclude a new petition so long as the farmer retains an interest which could be administered in a proceeding under § 75.

Respondent argues that under Alabama statutes and decisions the statutory right of redemption after foreclosure is defined as a "personal privilege" rather than as "property or property rights" (Title 7, § 743), and hence is not within the jurisdiction of the bankruptcy court in a farmer-debtor proceeding. But § 75 prescribes its own criteria for determining what property interests may be brought within the jurisdiction of the court. In the interpretation and application of the Bankruptcy Act as in the case of other federal statutes, federal not local law applies. *Prudence Corp.* v. *Geist,* 316 U. S. 89, 95 and cases cited. It is for the bankruptcy court to determine, by reference to the provisions of the bankruptcy statute, what rights created by state law—regardless of the characterization which may be applied to them by state statutes and decisions—are within the jurisdiction of the bankruptcy court. *United States* v. *Pelzer,* 312 U. S. 399, 402–03.

Under § 168 of Title 47 of the Alabama Code of 1940, the purchaser at foreclosure sale is entitled to a deed immediately upon making the purchase and the deed conveys to him full legal title subject only to the right of redemption. By §§ 727 and 743 of Title 7, the mortgagor retains a right of redemption, which is "not subject to alienation," save as it may be transferred or assigned to an assignee who may redeem. *Estes* v. *Johnson,* 234 Ala. 191, 174 So. 632; *Crawford* v. *Horton,* 234 Ala. 439, 444, 175 So. 310. Section 75 (n) of the Bankruptcy Act confers jurisdiction

over the debtor's "right or the equity of redemption where the period of redemption has not or had not expired." *Wright* v. *Logan,* 315 U. S. 139, 142; and see *State Bank of Hardinsburg* v. *Brown, ante,* pp. 138–140. Looking at the scope and purpose of § 75, we think petitioner's interest in the mortgaged property, whether it be denominated a property right or a privilege of redemption, is an interest intended to be subject to the court's jurisdiction and is capable of administration in a farmer-debtor proceeding. See *Mangus* v. *Miller, ante,* p. 178.

It follows that petitioner's right of redemption was within the jurisdiction of the court; that she was entitled to initiate a new proceeding for the administration of the property in farmer-debtor proceedings, and to ask that her petition and schedules be allowed to stand as the petition and schedules in such a proceeding.

*Reversed.*

MR. JUSTICE BLACK took no part in the consideration or decision of this case.