## SUMMERS v. RICE et al.
### No. 12661.
Circuit Court of Appeals, Eighth Circuit.

March 16, 1944.

Rehearing Denied May 2, 1944.

Jennie Summers, pro se.

Charles E. Rendlen, Branham Rendlen, and Harrison White, all of Hannibal, Mo., for appellees Rice.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

PER CURIAM.

This appeal is taken by Jennie Summers, a farmer-debtor, to reverse an order in bankruptcy which denies approval of the petition filed by her under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, on February 27, 1943, and dismisses the same. The order was made without a hearing, but a motion for a new trial filed by her was entertained by the court and she was heard upon it and her motion denied.

It appears that in 1933 she was the owner and in possession of a certain ninety acre tract of farm land in Scotland County, Missouri, which was mortgaged by deed of trust. She had a life estate in another adjoining tract upon which she lived, and some other property claimed as exemptions, but she had debts, including the mortgage debt, which she was unable to pay. Accordingly, she filed a petition under Section 74 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 202, on July 7, 1933, and some proceedings in administration of her estate were had under that section. They do not appear to have been dismissed but they were entirely ineffective to accomplish any composition with her creditors, and on October 2, 1936, she filed a new petition under Section 75. The trial court refused to approve, and dismissed the new petition on the ground "that the estate of the Debtor is now and has been since July 7, 1933, in administration * * * under the provisions of section 74". She appealed from that order to this court and this court reversed. Summers v. Collector, 92 F.2d 819. Upon remand, new proceedings were had to effect composition with creditors, which also were ineffective. The Conciliation Commissioner reported to the court that "there is no feasible means or method whereby an extension or composition can be arrived at in justice to the debtor and creditors herein", and recommended a dismissal of the debtor's petition. The trial court reviewed the composition proceedings and at the same time considered a motion of the secured creditor to dismiss the debtor's proceedings. It found the debtor's composition unfair, not intended to be carried out, and "not made and accepted in good faith", and rejected it. It sustained the motion of the secured creditor to dismiss the proceedings and entered an order of dismissal accordingly, which appears as of May 29, 1939. In denying a petition for reconsideration, the court on May 28, 1939, ruled that the debtor had no equity to be saved.

Within four months thereafter, on September 25, 1939, the debtor filed a new petition under Section 75, and the trial court considered the same, together with the debtor's application for an order to show-

 

cause why it should not be approved as properly filed. The court was of the opinion that its prior unappealed-from order of May 29, 1939, dismissing the proceedings then pending, operated as res adjudicata of the issues tendered in the new petition, and that it had no jurisdiction to entertain the new petition. The court dismissed this petition on January 5, 1940. In a memorandum opinion accompanying the order the court ruled that the debtor's real estate had been sold by the State of Missouri for taxes and under foreclosure of the deed of trust.

Apparently, on March 27, 1942, the debtor filed an amended petition for adjudication under Sec. 75, sub. s, since the record contains an order entered April 4, 1942, denying such a petition. In that order the court reviewed the proceedings theretofore taken by the debtor and ruled:

"There is pending no petition to be amended. It was dismissed almost three years ago, and that order has long since become final. * * * the property has been sold, debtor is not in possession, and the attempt to revive the proceeding could avail nothing."

On February 27, 1943, the debtor filed her present petition, the dismissal of which resulted in this appeal. In this petition she asserted that she was a farmer and that her property had not been fully administered. Her schedules, however, showed that her real estate had been lost to her, since she listed as choses in action suits brought in state courts to recover title and possession thereof. It is also apparent from the record that the court below had, in her former proceedings involving the same real estate, adjudged, in effect, that she had no property subject to administration under Sec. 75.

The only substantial question presented is whether the debtor was entitled to a hearing upon her present petition. While we think that the court below might well have accorded her a hearing, and filed findings of fact and conclusions of law before dismissing her last petition, our opinion is that the court was not compelled to do so, since it sufficiently appeared from the court's files and records that the debtor had no property subject to administration under Sec. 75 and that further proceedings would be futile.

It is true that a farmer-debtor has a right to file successive petitions under section 75, so long as he has any property subject to administration. Wragg v. Federal Land Bank, 317 U.S. 325, 63 S.Ct. 273, 87 L.Ed. 300; In re Boyer, 8 Cir., 138 F.2d 349. It is equally true, however, that a farmer-debtor is not entitled to have a petition granted after he has lost every vestige of right, title and interest in his property and it therefore is apparent that proceedings under Sec. 75, sub. s, will be of no avail. See Union Joint Stock Land Bank v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041; State Bank v. Brown, 317 U. S. 135, 63 S.Ct. 128, 87 L.Ed. 140; Wharton v. Farmers & Merchants Bank, 8 Cir., 119 F.2d 487.

The order appealed from is affirmed.