816.

## WRAGG v. FEDERAL LAND BANK OF NEW ORLEANS et al.

### No. 11078.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1944.

Rehearing Denied Dec. 11, 1944.

Jack Crenshaw and Walter J. Knabe, both of Montgomery, Ala., for appellant.

Robert T. Milner, of Wetumpka, Ala., and Harold Moses and H. D. Finlay, Jr., both of New Orleans, La., for appellees.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant, Mrs. Wragg, in 1934 bought of appellee Federal Land Bank of New Orleans a farm of 138 acres in Alabama, the price to be paid in twenty annual installments, secured by mortgage. Because of defaults in payment, the Bank began foreclosure proceedings and Mrs. Wragg sought relief in bankruptcy as a farmer-debtor under Section 75, 11 U.S. C.A. § 203. Her proceeding was dismissed and her appeal from this order of dismissal was refused prosecution in forma pauperis by this court, In re Wragg, 95 F.2d 252, and perished. The mortgage foreclosure proceeded, a sale of the farm was decreed, and the Bank as highest bidder was given a deed and put in possession in April, 1938. In April, 1939, the Bank sold the farm to appellee S. P. Storrs. On March 11, 1940, Mrs. Wragg petitioned the district court to reopen her former proceedings, or alternatively to be allowed to refile her former petition and schedules as a new proceeding. The District Court denied both prayers and was affirmed by this court. Wragg v. Federal Land Bank, 125 F.2d 1003. The Supreme Court affirmed the judgment in so far as it refused to reopen the old proceeding, but held that Mrs. Wragg was entitled to begin anew to assert a right of redemption from the mortgage foreclosure sale, which arose under the law of Alabama, Code of Alabama of 1940, Title 7, Sects. 727 to 743, and which had not expired on March 11, 1940; and the cause was remanded to the District Court for further proceedings. Wragg v. Federal Land Bank, 317 U.S. 325, 63 S.Ct. 273, 87 L.Ed. 300. In the District Court the offer of composition and extension made by Mrs. Wragg was rejected, and she amended her petition under Section 75, sub. s, and was adjudged a bankrupt, she praying to be allowed to have possession of the land, under appraisal, to endeavor to redeem it in three years. Pending these proceedings, the United States condemned most of the land, including all the improvements, leaving only sixty acres, that taken being appraised at $4,000, which was paid into court, and that not taken being appraised at $2,200. In February and March, 1944, Mrs. Wragg filed petitions that she have possession of the remaining land and

that the original farm be appraised at $3,500, the price at which the Bank sold it to Storrs, which she alleged was its value March 11, 1940, and that she be allowed to redeem on that basis, Storrs accounting for rents and profits since March 11, 1940, and for $1,500 worth of timber cut since that date by him from the land. On a hearing it was agreed that the appraisals made in the condemnation proceedings were the present fair value of the lands. The District Judge held that Mrs. Wragg had been lawfully put out of possession under the sale in 1938; that she had no title or interest in the land and no right to possession, but only the personal right to redeem under the Alabama statute, as modified and extended by Section 75, sub. s of the Bankruptcy Act; that she could redeem at the present value under Section 75, sub. s, (it being less than was required for redemption under the Alabama statute), but was entitled to no account of rents and timber removed after the filing of her petition. He accordingly decreed that she have the privilege of redeeming the land not taken by the United States by paying $2,200 in cash within six months, or that within that time she might apply to have the right of redemption sold and the proceeds administered as an asset of her estate in bankruptcy; and that if neither is done, the land be stricken from the schedules as an asset and released from the jurisdiction of the court. From these judgments appeal is taken.

The right to redeem within two years property sold at execution or foreclosure sale which is established by the Alabama statute is peculiar and strictly limited. It is declared not to be an interest in the land, but a personal privilege, exercisable by the debtor or in succession by other persons named in the statute, but capable of sale by the debtor. The statute requires payment of the entire debt and not merely the price bid at the sale, with ten percent interest per annum, and compensation for taxes paid and improvements made since the sale, and expressly excludes accountability for rents and profits prior to the date of redemption. A court of equity is given jurisdiction to settle any disputes about it. This right the federal Supreme Court (317 U.S. 325, 63 S.Ct. 273, 87 L. Ed. 300) held to be among the redemption rights covered by Section 75 of the Bank-

818

ruptcy Act. A provision of Subsection n is: "In all cases where, at the time of filing the petition, the period of redemption has not or had not expired * * * the period of redemption shall be extended * * * for the period necessary for the purpose of carrying out the provisions of this section." Accordingly, although the period of redemption under the statute expired soon after March 11, 1940, the District Judge correctly held he had power to give a reasonable time for the exercise of the privilege of redemption in bankruptcy.

■ Section 75, however, does not attempt to give the farmer-debtor any interest in land which he does not have under the State law at the time his petition is filed. Mrs. Wragg had lost title and possession of the land over a year before her petition was filed and she had only the personal privilege of redemption extended to her by the Alabama statute. She had no title, no possession, and no right of possession of the land. The bankruptcy court could give her none unless the land be redeemed. Storrs bought the land subject to her right to redeem it, but otherwise he was the full owner. Possession cannot be taken from him without redemption. The bankruptcy court recognized her right as far as it could by reasonably extending the time for redemption, and providing for a sale of the right, if anyone would buy it.

■ The court went yet further in substituting for the onerous terms of redemption fixed by the Alabama statute the payment of the value of the land. The statute would require the payment of over $7,724. The present appraised value of the land is $6,200. In the $6,200 the $4,000 paid in by the United States is counted, $2,200 only being required to be paid for redemption of the land not taken by the United States. The underlying principle of Section 75, sub. s, is that so long as there is a right of redemption remaining in the farmer-debtor, if the value of the land is paid to the secured creditor, who is regarded as entitled to money rather than land, the creditor has nothing to complain of. He thereby gets the full benefit of his security. Subsection s (3) provides that during the delay in paying this value there may be a re-valuation and a re-fixing of the amount to be paid, so that the creditor may obtain the benefit of a rise in value, not exceeding what is due him. Because of this right to a reappraisal Mrs. Wragg cannot insist on the lower value

at the date of her petition. Wright v. Union Central Life Ins. Co., 7 Cir., 126 F.2d 92.

■ But we think she may be entitled to deduct from the redemption money the sum, if any, received by Storrs from the sale of timber after the filing of her petition. The growing timber was a part of the land itself which was subject to redemption, and the filing of the petition under Section 75, though not a redemption, was a notification that a redemption in bankruptcy was to be undertaken. The farmer-debtor's rights passed at once under the protection of the court. Section 75, sub. n. Thereafter the purchaser of the land could not dispose of any part of it without accountability therefor if redemption be effected.

■ The Alabama statute, Title 7, Sect. 732(6), Code 1940, provides that "the purchaser shall be entitled to all rents paid or accrued to the date of redemption." The Alabama court says of the purchaser, "He is not a mortgagee in possession, but a purchaser, the absolute owner, entitled to the rents and profits, unimpeachable for waste." Cramer v. Watson, 73 Ala. 127. An account as for waste in cutting trees before redemption has been denied. Johnson v. Davis, 180 Ala. 143, 60 So. 799; Duncan v. Hornsby, 236 Ala. 217, 181 So. 763. In fixing a redemption price Section 75, sub. s, of the Bankruptcy Act modifies the price of redemption under the Alabama statute much as it does the price of redemption under mortgage contracts and the laws of other States, by substituting the present value of the land for other measures. We think the District Court correctly held that the appraised value of the land is not to be reduced by rents and profits before the redemption takes place, because there is, as we have held, no right to possession; but if, pending the proceeding, the purchaser sells part of the very thing to be redeemed and realizes its value, he ought to credit that value on the redemption price. If, as Mrs. Wragg alleges, he has thus realized $1,500 by cutting timber, he will get $1,500 more and Mrs. Wragg will get $1,500 less in value than the redemption contemplates. It may be, however, that the timber was cut before the appraisal, which appears to have been made Oct. 1, 1943, and not between that date and March 24, 1944, when the pleading which complains of it was filed. In that event the appraisal would have ex-

cluded the value of the timber, and no further adjustment would be necessary. The judge heard evidence on this pleading, but made no fact finding about the timber at all. He seems to have regarded the issue as irrelevant. The evidence has not been brought up. The refusal to consider the matter of the timber without finding either that no timber was cut or that it was cut before the appraisal seems to us to be error on the face of the record, since the facts found do not fully support the judgment. We reverse and remand the cause with direction to find what, if any, timber was cut from the land since the appraisal, and to deduct it from the redemption price; and to fix again a reasonable time to effect redemption or a sale of the right. Let the costs of this appeal be paid one-half by appellant and one-half by appellees.

Affirmed in part; reversed in part.