BOYER v. BOURN et al.

Civil Action No. 157.

District Court, N. D. Missouri, E. D.

April 27, 1945.

Elmer McClain, of Lima, Ohio, and Sam Friedman, of Hannibal, Mo., for plaintiff.

Charles E. Rendlen, Harrison White (of Rendlen, White & Rendlen), of Hannibal, Mo., and Hudson V. Smoot of Smoot & Smoot, all of Memphis, Mo., for defendants.

DUNCAN, District Judge.

This is a suit for the recovery of possession of the following described real estate:

"The Northwest Fourth (¼) of the Northwest Quarter (¼) of Section Sixteen (16) also the South One-half (½) of the Southwest Quarter of Section Nine (9) and the Northeast Fourth (¼) of the Northwest Quarter (¼) of Section Sixteen (16) and the West One-half (½) of the Southeast Fourth (¼) of the Northwest Quarter (¼) of Section Sixteen (16) all in Township Sixty-five (65) of Range Ten (10) West, except one (1) acre out of the Northeast corner of the South half of the Southwest Quarter of section Nine and containing in all One Hundred Seventy-nine acres, more or less, and located in Scotland County, Missouri."

and for damages to a barn located thereon; the value of timber removed therefrom and for the reasonable annual rental value thereof from March 2, 1935. Plaintiff bases his right to recovery on the ground that the foreclosure sale under a deed of trust under which defendants acquired such land, was void.

On April 5, 1930, the plaintiff was the owner of and in possession of the property described aforesaid, and on that date, he and Joy B. Boyer, his wife (now deceased), executed their promissory note to W. E. Shannon in the sum of $4000.00 with interest at the rate of 6% per annum, payable annually, and if not so paid, to become part of the principal and all bear interest at the rate of 8% per annum thereafter, together with reasonable attorney's fees. Said note was secured by deed of trust on all of the property above described. Before maturity, the note was signed in blank without recourse by the payee and delivered to Matison Boyer, plaintiff's brother.

No part of said note was paid, and on October 5, 1934, while the plaintiff was in possession of said property, he filed with the Clerk of the United States District Court for the Northern Division of the Eastern Judicial District of Missouri at Hannibal, his petition under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, seeking to effectuate a composition or extension of his debts, and listed the property above described as a part of the assets of his estate, and the note and deed of trust described aforesaid, among his obligations. The petition as filed, was approved on October 8, 1934, and was ordered referred to the Conciliation Commissioner on that date.

At the request of the holder of said note, and pursuant to due notice, the trustee sold the property aforesaid at trustee's sale on October 6, 1934, and Matison Boyer, the holder of the note, was the highest and best bidder for said property for the sum of $1790 and on the same date the trustee made, executed and delivered a trustee's deed to the said Matison Boyer conveying all of said real estate described in the deed of trust to him, said deed being recorded in Book 170 at page 35 of the Deed Records of Scotland County, Mo.

On October 8, 1934, on the same day on which the order of approval was filed and the petition referred to the Conciliation Commissioner, the purchaser at the trustee's sale (Matison Boyer) filed an action in ejectment against Okie R. Boyer, in the Circuit Court of Scotland County, Missouri, and on November 16, 1934, final judgment in ejectment was entered in said action, adjudging that Matison Boyer was the owner in fee simple of said land and entitled to the immediate possession, and restitution was ordered. No appeal was taken from the judgment.

A writ of restitution was issued pursuant to the judgment aforesaid and de-

livered to the sheriff of Scotland County, Missouri. Pursuant to said writ of restitution, the sheriff evicted and ejected the said Okie R. Boyer and delivered the possession of said property to Matison Boyer on March 2, 1935, and the said Matison Boyer retained possession of said property until the time of his death on April 30, 1938.

By virtue of a will executed by the said Matison Boyer, Emma Boyer, his widow, received a life estate in said property, with the remainder to his daughter, the defendant, Elsie Bourn. Emma Boyer occupied the property from the time of the death of her husband on April 30, 1938, until her death on November 7, 1943. At that time, defendant Elsie Bourn came into possession of said property, and is now and was at the time of the institution of this suit, the legal owner and holder of the promissory note and deed of trust aforesaid, under the will of said Matison Boyer.

Following the reference of the petition filed on October 5, 1934, to the Conciliation Commissioner, he called a meeting for November 5, 1934. At that meeting the farmer-debtor presented his written offer of compromise or extension, which was rejected by Matison Boyer, the only creditor present. Matison Boyer also submitted a counter-offer which was refused by the debtor. These matters are all contained in the report of the Conciliation Commissioner.

Following failure of the parties to agree upon a compromise, the Conciliation Commissioner in his report to the court recommended that debtor's position be dismissed on the ground that petitioner was not proceeding in good faith, and that the creditors be allowed to collect their claims in the regular procedure. With this report he submitted certain written data in support of his recommendation.

On December 11, 1934, and subsequent to the report of the Conciliation Commissioner recommending dismissal of the petition, the court entered an order granting the debtor leave to file an amended petition under Section 75, sub. s, of the Bankruptcy Act. However, no amended petition was filed by the petitioner, and on January 28, 1935, the secured creditor, Matison Boyer, filed a motion to set aside the order of the court made on December 11, 1934 granting leave to file an amended petition.

On February 11, 1935, the motion of Matison Boyer to set aside the order[1] of the court granting leave to file an amended petition was sustained, and the order vacated, and the petition and proceedings of the debtor were dismissed. No appeals were taken from any of these orders and nothing further was done by any of the parties until on December 19, 1941, when Okie R. Boyer filed a motion to set aside the order of the court made on February 11, 1935, setting aside the order granting leave to the debtor to file an amended petition, and dismissing the petition of the debtor and all proceedings with respect to the setting aside of the order allowing an amendment to the petition and the dismissal of the petition. This motion was overruled on June 25, 1942. In the findings, the court states that:

"The dismissal order of February 11, 1935, was not based upon the unconstitutionality of sub-section (s); the decision of the Supreme Court to that effect was not handed down until May 27, 1935, (Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555 [55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106]); hence the order was not based upon the decision of the Supreme Court.

"The order was based upon the motion of the secured creditor and the recommendation and findings of the Commissioner, that the debtor was not prosecuting the (fol.29) proceeding in good faith, in that he had conveyed a portion of his land to his minor children without consideration, that he failed to file and present a fair plan for the extension of debts, that he

---

[1] "Now on this 11th day of February, 1935, the motion of Matison Boyer, a secured creditor, to set aside the order of Court, granting debtor leave to file an amended petition entered herein on December 11, 1934, and to dismiss debtor's petition as well as the report of A. L. Luther, Esq., Conciliation Commissioner of Scotland County, heretofore filed, having been duly considered it is therefore

"Ordered that the aforesaid order of this Court granting debtor leave to file an amended petition herein be and is hereby set aside and vacated; and it is further

"Ordered that the petition of debtor and proceedings herein be and are hereby dismissed."

718

failed to pay taxes and permitted penalties to accrue."

The Court further found:

"The present motion was filed over seven years after the order of dismissal was entered, and it is therefore untimely."

No appeal was taken from this order.

On February 15, 1943, Okie R. Boyer again filed a petition under Section 75 of the Bankruptcy Act for composition or extension of his debts, and in that petition, which is the petition now pending, he listed among his secured creditors Elsie Bourn as the holder of the promissory note described herein, and he listed among his assets, the property above described, together with a life estate in certain other lands which he now occupies.

On March 25, 1943, the court denied approval of debtor's petition and the proceedings were dismissed[2] at the cost of the debtor. On appeal this order was reversed by the United States Circuit Court of Appeals. In re Boyer, 8 Cir., 138 F.2d 349.

Following this decision of the Court of Appeals, the plaintiff was authorized by the Commissioner to institute this suit. The facts up to this point are not in dispute and were submitted to the court in the form of an agreed statement and shown in "Parties Exhibit A."

Upon a trial of this case, evidence was offered to show that the residence of the plaintiff was across the road from the property in controversy, from the time of the filing of the petition in 1934 to the present time, and as to the rental value of the land, the amount of timber removed therefrom, and the damage to a barn located thereon— also the value of the improvements placed on said property and the amount of taxes paid by Matison Boyer and those who succeeded him.

Plaintiff contends that the reasonable annual rental value of the property is about $400 and that he is entitled to that amount dating from March 2, 1935. He also contends that timber was cut and removed from the land to the extent of $7,500 and

that the barn was damaged to the extent of $200.

Matison Boyer died on April 30, 1938; his widow, Emma Boyer, died November 7, 1943. Their estates have been fully administered upon and the administrators have been discharged.

The defendants allege:

(1) That the judgment in the Circuit Court of Scotland County, is res adjudicata and that plaintiff is estopped and precluded from prosecuting or asserting any claim, right, title or interest in the lands aforesaid;

(2) That "Okie Boyer's first debtor's petition and proceedings were ended and dismissed when the aforesaid suit in ejectment was determined and plaintiff does not have any interest in said lands or rights or pretended damages arising therefrom and is precluded and estopped from asserting same herein or against these defendants";

(3) That "plaintiff is guilty of laches, not having prosecuted any claim against or for said lands or attempted to have same done from the date of the aforesaid judgment against him in the above described ejectment proceedings in early 1935 until the filing of the action herein on March 7, 1944, or about nine years, and stood by, saw said Matison Boyer improve said lands and premises, pay taxes and his widow and devisees do so upon his death * * *."

(4) "That the claims, demands and rights and alleged actions set forth in the complaint did not accrue within five years next before the commencement of this action, are barred by the Statutes of Limitation of the State of Missouri."

(5) A counterclaim in the sum of $4000 secured by the deed of trust as aforesaid, subject only to the credits thereon arising from said foreclosure sale and for a decree and judgment establishing and protecting her rights and equities and asking for full reimbursement for improvements and betterments placed upon said land and for taxes paid by defendant Elsie Bourn and for her father Matison

---

[2] "The Court having fully considered the debtor's petition heretofore filed February 15, 1943, and it appearing from the records of this Court and from the debtor's petition and schedules herein filed, that said petition should not be approved, it is therefore, now,

"Ordered that approval of the petition

of the debtor praying that proceedings be had in accordance with the provisions of Section 75 of the Bankruptcy Act as amended be, and hereby is, denied, and said petition and proceedings herein be, and hereby are, dismissed at the cost of said debtor."

Boyer and her mother Emma Boyer, now deceased.

The only questions of fact in dispute are the rental value of the land, the value of the timber removed therefrom, and the alleged damage to the barn.

The evidence of the plaintiff with respect to all of those questions was so unsatisfactory as not to impress the court as being worthy of serious consideration. The testimony as to the number and type of trees removed is conflicting—plaintiff says he counted up to 2000 stumps of trees removed and that there were others in addition to that. He asks $7,500 as their value.

The evidence of disinterested witnesses indicate that they counted 25 or 30 such stumps. I am not inclined to believe that any substantial damage resulted from the removal of the trees—even if there had been, it cannot be determined in this suit.

Certain lumber was removed from a portion of the barn and installed in another portion, and I do not believe any substantial damage resulted from the change in the structure. This change was made during the tenancy of Emma Boyer, deceased.

Plaintiff asks for $400 a year rent from March 2, 1935, and testified that that amount was the reasonable rental value of the property. Plaintiff first testified that the rental value was $175 a year; later he testified it was about $400 and that is the amount he demands.

All of the land, except about eight acres, is rough hill land, and only about 25 acres is in cultivation; eight acres is bottom land. The testimony as to the rental value ranged from $1 per acre to $400 per year, claimed by the plaintiff. I believe $180 per year is the fair rental value for such land.

Defendants contend that in excess of $500 was expended in the erection of fences upon the property. From the evidence, I am convinced that their estimate of this amount is fair.

The plaintiff contends that the sale under the deed of trust following the filing of his petition was void, conveyed no title whatsoever to Matison Boyer, purchaser, and consequently that those who succeeded him, including these defendants, are without rights in the property.

At the time this petition was filed, paragraph n of Section 75 of the Bankruptcy Act, Title 11 U.S.C.A. § 203, provided that:

"(n) The filing of a petition pleading for relief under this section shall subject the farmer and his property, wherever located, to the exclusive jurisdiction of the court. In proceedings under this section, except as otherwise provided herein, the jurisdiction and powers of this court, the title, powers, and duties of its officers, the duties of the farmer, and the rights and liabilities of creditors, and of all persons with respect to the property of the farmer and the jurisdiction of the appellate courts, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the farmer's petition or answer was filed." 47 Stat. 1473.

Section *(o)* provided:

"*(o)* Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings *shall not be instituted,* or if instituted at any time prior to the filing of a petition under this section, *shall not be maintained, in any court or otherwise,* against the farmer or his property, *at any time after the filing* of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court * * * (2) Proceedings for foreclosure of a mortgage on land, or for cancellation, rescission, or specific performance of an agreement for sale of land *or for recovery of possession of land* * * * (6) Seizure, distress, sale, *or other proceedings under an execution* or under any lease, lien, chattel mortgage, conditional sale agreement, crop payment agreement, or mortgage." 47 Stat. 1473. (Emphasis supplied.)

■ Evidently it was the intention of Congress to subject all of the property of petitioners, and all persons holding claims against petitioners, to the jurisdiction of the bankruptcy court, and to stay all proceedings with respect to such petitioner and his property *after the filing of the petition.* These two sections (n) and (*o*) were later amended and broadened by Congress and their meaning more carefully spelled out, but the intention of the Congress as expressed in the original sections was not changed by the amendments as they now appear in the Act. As Mr. Justice Black said in Kalb v. Feuerstein, 308 U.S. 433, loc. cit. 442, 60 S.Ct. 343, loc. cit. 347, 84 L.Ed. 370:

720

"The Congressional purpose is similarly set out in the House Judiciary Committee's Report: 'The amendment to subsection (n) in fact construes, interprets, and clarifies both subsections (n) and (o) of section 75. By reading subsections (n) and (o) as now amended in this bill, it becomes clear that it was the intention of Congress when it passed section 75, that the farmer-debtor and all of his property should come under the jurisdiction of the court of bankruptcy, and that the benefits of the act should extend to the farmer, prior to confirmation of sale, during the period of redemption, and during a moratorium; and that no proceedings after the filing of the petition should be instituted, or if instituted prior to the filing of the petition, should not be maintained in any court, or otherwise."

The petition of the debtor was filed on October 5, 1934. The sale under the deed of trust was held on October 6, 1934, following the filing of debtor's petition. This was in violation of (2) of paragraph (o) of the Act prohibiting proceedings for foreclosure of a deed of trust after the filing of the petition.

■ The suit in ejectment was instituted on October 8, 1934, the day the petition was approved by the court and certified to the conciliation commissioner. It was done without authority of the bankruptcy court and was in violation of subsections (n) and (o). The entire proceedings, the sale of the property, the institution of the suit in ejectment, the judgment in the Scotland County Circuit Court, the issuance of the writ of ejectment and its service by the sheriff placing Matison Boyer in possession of the property were all in violation of subsections (n) and (o) of the Act, and conferred upon the said Matison Boyer no title to said property, and no right to its possession. 47 Stat. 1472; Wright v. Union Central Ins. Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490; Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370; Wragg v. Federal Land Bank, 317 U.S. 325, 63 S.Ct. 273, 87 L.Ed. 300. In Kalb v. Feuerstein, supra, Mr. Justice Black stated in 308 U.S. loc. cit. 443, 60 S. Ct. loc. cit. 348, 84 L.Ed. 370:

"In harmony with the general plan of giving the farmer an opportunity for rehabilitation, he was relieved—after filing a petition for composition and extension—of the necessity of litigation elsewhere and its consequent expense. *This was accom-*plished by granting the bankruptcy court exclusive jurisdiction of the petitioning farmer and all his property with complete and self-executing statutory exclusion of all other courts." (Emphasis supplied.)

In view of the foregoing, the plaintiff is entitled to the possession of the property. Wright v. Union Central Ins. Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490; Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370; Wragg v. Federal Land Bank, 317 U.S. 325, 63 S.Ct. 273, 87 L.Ed. 300.

■ The defendants contend that notwithstanding the provisions of subsections (n) and (o) of Section 75, the plaintiff is not entitled to recover, and they charge the plaintiff with laches, contend that he is estopped to deny the validity of their title, and that the proceedings in the Scotland County Circuit Court are res adjudicata. These defenses will be taken up in reverse order.

It is the defendants' contention that the petition of plaintiff had been dismissed at the time the writ of restitution was issued and Matison Boyer placed in possession of the property; that the judgment based upon the trustee's deed vested the title in said Matison Boyer, under whom these defendants claim. The position of the defendants in this respect is untenable because immediately upon the filing of the petition, exclusive jurisdiction over the petitioner, his property and his creditors was vested in the bankruptcy court, and all proceedings thereafter with respect to the title, by any court or any other authority without the consent of the bankrupcy court, was void.

It is true that the writ of restitution was issued out of the Circuit Court of Scotland County subsequent to the dismissal of the petition in the United States District Court, but if the sale under the deed of trust on October 6, 1934, was void, the Circuit Court of Scotland County was without jurisdiction to entertain the suit in ejectment, or to render a judgment, and of course, all subsequent actions taken pursuant thereto likewise were void. Kalb v. Feuerstein, supra. On this very question Mr. Justice Black 308 U.S. at page 438, 60 S.Ct. at page 346, 84 L.Ed. 370 stated:

"But if appellants are right in their contention that the Federal Act of itself, from the moment the petition was filed and so long as it remained pending, operated, in

the absence of the bankruptcy court's consent, to oust the jurisdiction of the State court so as to stay its powers to proceed with foreclosure, to confirm a sale, and to issue an order ejecting appellants from their farm, the action of the Walworth County Court was not merely erroneous *but was beyond its power, void, and subject to collateral attack."* (Emphasis supplied.)

The defenses 2 and 3 "estoppel' and "laches" may be considered together, and in considering these defenses it might be well to briefly review the facts upon which the defendants rely.

The plaintiff occupied a homestead immediately across the road from the property, the possession of which he now seeks to recover, from the time of the signing of the note, to the present time; he knew that Matison Boyer was fencing the property; was taking some timber therefrom. He observed and knew that the defendant George Bourn made certain changes in the barn and removed some lumber therefrom for the purpose of making a cattle barn rather than an all-purpose barn; he knew that Matison Boyer and Emma Boyer, his wife, and these defendants were paying the taxes on said property during all the time of the possession of those parties.

No expression of protest was ever uttered and no claim to ownership, so far as the evidence shows, was made between the time of the dismissal of the plaintiff's petition in 1935 and the time of the filing of his motion to set such order aside on December 19, 1941. This motion was overruled on June 25, 1942, and thereafter on March 23, 1943, he filed the petition which is now pending before the conciliation commissioner. The latter petition was filed during the life tenancy of Emma Boyer, who died on November 7, 1943, so we have a period from March 2, 1935, to December 19, 1941, or a period of almost seven years during which the plaintiff did not question the ownership or the possession of the property by the defendants, and those under whom they claim possession. The present defendants enjoy no greater rights than Matison Boyer or Emma Boyer, his wife.

It might also be recalled that plaintiff's first petition was dismissed by the District Court upon the recommendation of the conciliation commissioner upon the ground that the petitioner was not prosecuting such petition in good faith. As a matter of fact, the whole record from the beginning to end indicates that the plaintiff was either ignorant of his rights or not acting in good faith with respect to his obligations, and with respect to this property.

Plaintiff bottoms his right to possession upon the ground that all of the proceedings incident to the foreclosure of the deed of trust were void; that the deed of trust could not be foreclosed by Matison Boyer after the filing of plaintiff's petition for composition or extension of his debts.

■ "Ignorance of the law excuseth no man." If Okie R. Boyer may be presumed to have known the meaning of the statute, such a presumption might likewise extend to Matison Boyer, and of course, to those who claim through him. It is a well settled general principle of law governing estoppel, that no estoppel can arise where all the parties interested have equal knowledge of the facts or where the party setting up the estoppel is chargeable with notice of the facts. 31 C.J.S., Estoppel, § 103, page 329.

If the sale under the deed of trust and the subsequent proceedings in the Circuit Court of Scotland County were void, then Matison Boyer and those who claim under him, possessed such knowledge as well as did the plaintiff. I think there is a strong inference that all of the parties to this proceeding were uninformed as to their rights and liabilities.

The section of the statute under which the petition of the plaintiff was filed, had recently been enacted. It was not until 1937 in the case of Wright v. Union Central Ins. Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490 that this particular question came before the Supreme Court of the United States for determination. It was again before the court in 1940 in Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370, and in Wragg v. Federal Land Bank, 317 U.S. 325, 63 S.Ct. 273, 87 L.Ed. 300. There is no evidence indicating when knowledge of the construction of the statute by the Supreme Court of the United States first came to the attention of the plaintiff, and to the defendants.

■ In view of the aforesaid, I do not believe the plaintiff can be held guilty of laches, or that he is estopped to claim the possession of his property, possession of which the defendants acquired under a void sale and void court proceeding, despite the fact that they occupied the property

during all that period of time sincerely believing that they had acquired a good title.

■ As to the fifth defense—statute of limitations—this point may be disposed of by stating that the evidence indicates that the improvements placed on the property, i. e., the fence primarily, and the damage committed through the taking of timber therefrom, whatever it may have been, was committed during the tenancy of Matison Boyer from 1935 to April 30, 1938. The rent accrued during that period and the damage committed through the taking of the timber, if any, was a claim against Matison Boyer, to be offset by the payment of taxes made by him during the term of his tenancy and for any period for which he paid taxes prior to the time he acquired possession of the land. The estate of Matison Boyer has long since been closed and the administrator discharged. The matter cannot now be considered by this court.

The same is true with respect to that period from April 30, 1938, to November 7, 1943, during the period of the occupancy by Emma Boyer, deceased. Her estate has likewise been closed and her administrator discharged, and this court cannot determine the rights between this plaintiff and the estates of Matison Boyer or of Emma Boyer, both deceased. .

There is no evidence that the defendants have placed any improvements on said property, or that they have committed any waste. They are liable to the bankruptcy estate of the plaintiff for the rental value of the property at the yearly rent of $180 less such taxes as they have paid during the period of their tenancy. These amounts may be computed by the conciliation commissioner at the time the offer of composition or extension is submitted by the plaintiff.

If the amount of rent shall exceed the amount of the taxes which have been paid by the defendants, then the difference shall be an asset of the plaintiff's (petitioner's) estate. If the amount of the taxes shall exceed the amount of rent during that period, then it shall be a claim against the estate of the petitioner.

As the sale under the said deed of trust in 1934 was void, the deed issued pursuant thereto conveyed no title, and of course, the subsequent proceedings founded upon said void deed and sale are likewise void. Therefore, the parties stand in the same position as if no sale had taken place under said deed of trust. Plaintiff is entitled to the possession of the property for the benefit of his creditors, subject to the lien of the deed of trust and accrued interest.

Decree accordingly.