Donald Richard Todd, Lexington, Ky., for defendant.

Henry Dickinson, Glasgow, Ky., trustee.

**In re Arthur "Audie" McQUEARY and Alta Sue McQueary, Debtors.**

**Arthur "Audie" McQUEARY, Plaintiff,**

**v.**

**John Sam CARY, Commonwealth Attorney, 29th Judicial District and Jack Little, d/b/a Little Oil Company, Defendants.**

**Bankruptcy No. 1–83–00048.**

United States Bankruptcy Court, W.D. Kentucky.

Nov. 7, 1984.

### MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The question presented by this case is whether to reopen a bankruptcy case, closed for almost a year, to allow a creditor who had early notice of the proceeding to now contest the dischargeability of his debt. The case carries with it implications for an attempted criminal prosecution of the debtor. We conclude that the case should not be reopened.

The debtor Arthur McQueary received a bankruptcy discharge on July 14, 1983, of all of his scheduled debts, including one in

---

the amount of $6,463 owed to Jack Little, d/b/a Little Oil Company. Little was on actual notice of the bankruptcy and, according to his own pleadings in the present context of this case,[1] knew prior to the bankruptcy of a potential claim against McQueary for fraudulent conversion of the above amount.

Despite being on clear notice of the existence, nature and amount of the claim and of the pending bankruptcy, Little took no steps whatsoever to assert a nondischargeability claim or to otherwise object to McQueary's discharge. Rather, he caused criminal proceedings to be commenced against McQueary in Casey Circuit Court.

After McQueary's discharge was granted, McQueary sought an injunction from this court to prevent the state criminal proceeding from going forward. We denied that motion, citing an earlier ruling of this court.[2] Thus the matter now before the court is actually the second time we have been importuned to revitalize the dispute between these parties. In denying both requests we serve the interests of impartiality and efficiency.

Section 350(b) of the Bankruptcy Code, supplemented by Bankruptcy Rule 5010, permits a case to be reopened by a debtor or other party in interest "to administer assets, to accord relief to the debtor, or for other cause."

There are no assets to administer here. Nor is the purpose of the motion "to accord relief to the debtor"; quite to the contrary, it is to seek an extraordinary form of creditor relief long after the proper time for seeking such relief has expired. If the motion is to be granted, it must be for cause shown.

We hold that a motion to reopen, for the sole purpose of asserting an nondischargeability claim which was not timely filed despite actual notice to the affected creditor, must be denied for insufficient cause. The bankruptcy discharge drops a federal curtain of finality between debtor and creditor, to allow each to redirect their attention to more productive, prospective matters rather than to perpetuate their mutual torment. That purpose would be thwarted by honoring the present motion insofar as it is directed toward a debt the enforcement of which is absolutely barred by final discharge.

We have today signed the order earlier tendered by counsel for the debtor overruling the motion to reopen. Our ruling is a final one, and the Clerk of Court is directed to again close this file.

---

1. A complaint tendered with the motion seeks a revocation of discharge. The grounds recited by the complaint are inadequate for the relief sought; the creditor actually is seeking the relief of 11 U.S.C. § 523, not § 727(d).

2. *In re Cohen Caterers, Inc.*, 26 B.R. 1 (W.D.Ky. 1981).