**In re James M. ELLIS, Debtor.**

**Bankruptcy No. 86–03256–H3–7.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

April 6, 1989.

Edward L. Roghberg, Houston, Tex., for debtor.

Don Russell, Calvin, Dylewski, Gibbs, Maddox, Russell & Verner, Houston, Tex., for Rainier Financial Services.

## MEMORANDUM OPINION ON MOTION TO REOPEN

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for hearing the Motion of Rainier Financial Services to reopen the bankruptcy case of Debtor, James M. Ellis, to allow it the opportunity to attempt to revoke the Debtor's discharge and to object to discharge of a debt which it asserts it is owed. The hearing on this Motion concluded July 14, 1988, and post-trial briefs were submitted. After consideration of the pleadings on file in the case, the briefs of counsel and the relevant case law, the court enters the following findings of fact and conclusions of law denying the Motion to Reopen.

To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

### I. *Factual Background*

On April 18, 1986 James M. Ellis filed his Chapter 7 petition. Rainier Financial Services ("Rainier"), the movant in this proceeding, was listed as an unsecured creditor for a debt owed to it by Ellis on a home mortgage loan. The Debtor received his discharge on September 3, 1986. The final decree was entered on October 31, 1986. Prior to the discharge on July 12, 1986, the Trustee filed his report of no distribution.

On July 30, 1987 Rainier filed the Motion to Reopen which is before the court at this time. Rainier asserts that the case should be reopened so that it can attempt to revoke the Debtor's discharge and object to the discharge of a specific debt, as yet unliquidated, of which it asserts it was unaware until after the Debtor's discharge

was granted. (Rainier asserts that the Debtor, on the other hand, knew of the facts out of which the claim arose but failed to schedule or list the claim.)

Alternatively, Rainier requests that the court determine whether it can proceed in state court as to the dischargeability of the debt.

Rainier asserts that the operative facts out of which its claim arose became known to them in 1986 during the deposition of David Newcomb. Rainier argues that during this deposition it learned that the Debtor, Ellis, made false representation on an employment verification form submitted to him by Rainier regarding Newcomb in connection with a loan which Rainier made to Newcomb on February 29, 1984. Rainier argues that the representations, made on June 23, 1983, were false and made with intent for Rainier to rely upon them.

Newcomb subsequently defaulted on the loan. Rainier asserts that but for the false representations by Ellis it would have not made the loan to Newcomb and been subsequently damaged by the default.

Ellis argues that the case should not be reopened on the basis that Rainier had actual knowledge of the Debtor's bankruptcy case. Ellis argues that the failure to schedule a particular debt does not prevent that debt from being discharged so long as the creditor had actual knowledge of the bankruptcy case.

## II. *Issue*

The primary issue before the court is whether the case should be reopened allowing Rainier to move the court to revoke the discharge of the Debtor or to object to the discharge (following liquidation) of this specific debt. An additional issue is whether this court should make a determination of whether a state court can address the issue of the dischargeability of the debt.

## III. *Discussion and Conclusions of Law*

■ A case may be reopened by a debtor or other party in interest in order to administer assets, accord relief to the debtor or "for other cause." 11 U.S.C. § 350, B.R. 5010. The decision to reopen a case is discretionary with the court. *Wragg v. Federal Land Bank*, 317 U.S. 325, 63 S.Ct. 273, 87 L.Ed. 300 (1943). When the claims upon which the motion to reopen is based are small and the chance of substantial recovery is remote, the motion in most instances should be denied. *In re Haker*, 411 F.2d 568 (5th Cir.1969).

Generally, a discharge under 11 U.S.C. § 727 discharges an individual debtor from all debts, other than those specified in 11 U.S.C. § 523 which cannot be discharged. 11 U.S.C. § 523(a)(3) provides that an individual debtor will not be discharged from a debt not listed or scheduled, as required in 11 U.S.C. § 521, with the name of the creditor, if known, in time for the creditor to protect its rights, unless the creditor had notice or actual knowledge of the bankruptcy case.

■ In the case at bar, although the specific claim was not set out by the Debtor in his schedules, Rainier was listed as a creditor and was on full notice of the bankruptcy proceeding. The rule in this Circuit is set forth in the case of *Matter of Adams*, 734 F.2d 1094 (5th Cir.1984); and provides that if a debtor lists incorrectly the name and address of a creditor in the required schedules so to cause that creditor not to receive notice, that creditor's debt has not been duly scheduled and unless the creditor has actual notice of the bankruptcy, the debt is not dischargeable. *See, Id.* at 1098. Although the Fifth Circuit in *Adams* was analyzing the old Bankruptcy Act of 1898, the language of Section 17(a)(3) was carried over to the Code in Section 11 U.S.C. § 523(a)(3).

Complete failure of notice was not the situation here. As a result of the listing of the correct address of Rainier on the schedules of the Debtor and the participation of Rainier in the proceedings with regard to the debt scheduled by the Debtor, the court concludes that Rainier had actual knowledge of the bankruptcy case within the meaning of 11 U.S.C. § 523(a)(3). It would be futile to permit this creditor to reopen the case of the Debtor to, in essence, file a late proof of claim, since this creditor was already on the schedules and on notice,

although it now contests the manner in which Debtor scheduled Rainier's claim(s). Any leeway for filing late Proofs of Claim is narrowly construed. *See, Matter of Robintech,* 863 F.2d 393 (5th Cir.1989).

Rainier is in effect seeking a reopening of the Debtor's no-asset case in order to add to the claims against the Debtor, this believed debt, of which the Debtor may or may not have had knowledge at the time of the filing of his schedules, and for which the Debtor's liability has yet to be established, all so that Rainier can either attempt to revoke the Debtor's 1986 discharge or object to the discharge of the same debt, when the deadlines for objecting to discharge have long since passed. This court will not sanction such a use of court time and resources in such a venture and finds insufficient cause to reopen under 11 U.S.C. § 350. *In re McQueary,* 43 B.R. 948 (Bankr.W.D.Ky.1984).

Movant has indirectly asked whether, on these facts, the debt in question was discharged. Movant has not, however, sought declaratory judgment, nor is the debt in question at present anything other than a perceived wrong, not yet the subject of a judgment or even a complaint. Accordingly, the court does not reach the requested determination of whether the dischargeability of the debt in question may be adjudicated in the state court. The court is precluded from issuing advisory opinions. *Korioth v. Briscoe,* 523 F.2d 1271 (5th Cir. 1975).

The Motion of Rainier Fiancial Services to reopen this bankruptcy case is denied.

It is so ORDERED.