WILLIAM P. TERRELL, III, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Terrell v. Commissioner
Docket No. 19423-89
United States Tax Court
T.C. Memo 1990-323; 1990 Tax Ct. Memo LEXIS 342; 59 T.C.M. (CCH) 1020; T.C.M. (RIA) 90323; June 27, 1990, Filed *342 An appropriate order will be entered in accordance with this opinion, which order will also allow respondent 60 days from the date of the order to file an answer to the remaining allegations in the petition. Christopher D. Rhodes, for the petitioner. David B. Mora and Gregory S. Garland, for the respondent. SCOTT, Judge. SCOTT MEMORANDUM OPINION This case is before us on respondent's motion to dismiss for lack of jurisdiction and to strike allegations in the petition pertaining to petitioner's contention that his income taxes for the year here in issue were discharged in bankruptcy. When the case was called for hearing in Houston, Texas on March 13, 1990, respondent appeared by counsel and petitioner appeared by a written statement of his counsel in lieu of attendance at the hearing. At the hearing, respondent's counsel stated that respondent was not requesting dismissal of the entire case for lack of jurisdiction, but only of those allegations with respect to the claim by petitioner that his taxes for the year in issue were discharged in bankruptcy. The Court stated that under the circumstances, the motion should be considered as a motion to strike the allegations with respect *343 to the discharge of petitioner's taxes in bankruptcy on the ground that the Court lacked jurisdiction to determine whether petitioner's taxes had been discharged in bankruptcy. Counsel for respondent agreed that this was the proper motion to be considered. Respondent contends that this case is not distinguishable in principle from the recent case of Neilson v. Commissioner, 94 T.C. 1 (1990), in which we held that the Court lacked jurisdiction to determine whether taxes had been discharged in bankruptcy. On February 27, 1990, subsequent to the time respondent's motion was set for hearing in Houston, Texas on the calendar commencing March 12, 1990, petitioner filed in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, an application to reopen the bankruptcy case (bankruptcy case no. 88-06580-H3-7) which had been closed on February 8, 1989, after petitioner's discharge in bankruptcy. Reference to the filing of this application was made in the statement filed on behalf of petitioner in accordance with Rule 50(c). [1] At the time of the hearing on respondent's motion, the application to reopen the bankruptcy case filed under section 350(b) of the Bankruptcy Code *344 had not been acted upon by the bankruptcy court. The Court stated on the record at the hearing on respondent's motion that if petitioner's application to reopen his bankruptcy case was acted upon by the bankruptcy court, petitioner should notify this Court. We assume that petitioner's application to reopen his bankruptcy case has not been acted on by the bankruptcy court, since we have not been notified to the contrary. It is not clear whether petitioner takes the position that the filing of his application to reopen his bankruptcy case in the bankruptcy court causes any action in this Court to be stayed, but since certain of petitioner's arguments suggest that petitioner takes such a position, we will consider the issue here. The facts in this case, insofar as pertinent to the motion here under consideration, show that petitioner filed a petition in bankruptcy on August 2, 1988, and was discharged in bankruptcy by order of the court on January 11, 1989, and that the bankruptcy case was closed on February *345 8, 1989. On May 15, 1989, respondent mailed a notice of deficiency to petitioner determining a deficiency in his income tax for the calendar year 1980 in the amount of $ 3,793 and an addition to tax under section 6653(a) in the amount of $ 190. On August 7, 1989, petitioner filed a petition in this Court seeking a redetermination of the deficiency determined by respondent. Paragraph 4.b. of the petition assigned error in respondent's determination of a deficiency for the year 1980 on the ground that collection of taxes for that year was discharged in bankruptcy, pursuant to section 727 of the Bankruptcy Code. In paragraph 5.g. of his petition, which includes subparagraphs 1. through 7. with subparagraph 7. containing further subparagraphs a. through m., petitioner alleges the facts on which he bases the contention that his income taxes for the year 1980, including any deficiency determined by respondent, have been discharged in bankruptcy. Petitioner was a resident of Texas at the time the petition in this case was filed. His return for the year 1980 was filed with the Internal Revenue Service at Memphis, Tennessee, and an amended return for this year was filed with the Internal *346 Revenue Service at Austin, Texas. On September 12, 1988, respondent received notice that petitioner had filed a petition in bankruptcy on August 2, 1988, but did not file a claim for taxes in the bankruptcy proceeding. Respondent also received notice of petitioner's discharge in bankruptcy pursuant to an order of the bankruptcy court dated January 11, 1989. In the recent case of Neilson v. Commissioner, supra, we had occasion to consider whether this Court had jurisdiction to determine whether a taxpayer's taxes had been discharged in bankruptcy under facts not substantively different from those here present and concluded that we did not have such jurisdiction. In that case, as in the instant case, respondent had mailed a notice of deficiency to the taxpayer subsequent to his discharge in bankruptcy and the taxpayer had timely filed a petition in this Court, clearly giving us jurisdiction to redetermine the deficiency. One of the issues in that case was whether the fact that we had jurisdiction to redetermine the deficiency determined by respondent gave us jurisdiction to determine whether the taxpayer's taxes for the year involved, including any deficiency determined by respondent, *347 had been discharged in bankruptcy. In Neilson v. Commissioner, supra, we pointed out that this Court is a Court of limited jurisdiction and, as a general rule, its jurisdiction to redetermine a deficiency depends on a notice of deficiency and a timely filed petition. Quoting from Swanson v. Commissioner, 65 T.C. 1180, 1184 (1976), we stated that the redetermination of an income tax deficiency "has nothing to do with collection of the tax nor any similarity to an action for collection of a debt, nor does it involve any other rights and remedies of the sort traditionally enforced in an action at law." Neilson v. Commissioner, 94 T.C. at 9. In Graham v. Commissioner, 75 T.C. 389 (1980), we held that we lacked the requisite subject matter jurisdiction to decide whether a taxpayer's income taxes were discharged in a bankruptcy proceeding. The Graham case involved a year prior to the effective date of the Bankruptcy Act of 1978. In Neilson v. Commissioner, supra, we concluded that the fact that certain provisions of the 1978 Bankruptcy Act, including the provisions with respect to a stay of proceedings in this Court after the filing of a petition in bankruptcy, were different from the *348 provisions applicable in the Graham case, did not affect our jurisdiction to determine whether a taxpayer's taxes were discharged in bankruptcy. We held in Neilson that under the present bankruptcy law, as under the law applicable in the Graham case, we are without subject matter jurisdiction to make any determination as to discharge of taxes in bankruptcy. Based on our holding in Neilson v. Commissioner, supra, and Graham v. Commissioner, supra, we conclude that we are without jurisdiction in this case to determine whether petitioner's income taxes for the year 1980 were discharged in bankruptcy. Petitioner suggests in this case that under the provisions of section 362(a) of the Bankruptcy Code our right to take any action in this case is stayed because of his filing of an application to reopen his bankruptcy case. Section 362(a)(1) of the Bankruptcy Code, involving an automatic stay, provides: Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 USCS secs. 301, 302, 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)) [15 USCS sec. 78eee(a)(3)], *349 operates as a stay, applicable to all entities, of -- (1) the commencement or continuation * * * of a judicial, administrative, or other action * * * against the debtor that was or could have been commenced before the commencement of the case under this title;
Section 362(a)(8) specifically stays the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor. Section 362(c) provides that the stay provided for under section 362(a) continues until the earliest of the time the case is closed, the case is dismissed, or a discharge is granted or denied. At the time the petition in this case was filed, petitioner had been discharged in bankruptcy and the case had been closed by the bankruptcy court. Therefore, there was no stay of any commencement or consideration of petitioner's case in this Court. If there is a stay of proceedings in this case, it would have to be because of the filing by petitioner of an application to reopen the bankruptcy case. Section 350 of the Bankruptcy Code, dealing with closing and reopening cases, provides: (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the *350 case. (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.
Here, we do not have a situation where the case has been reopened, but merely a situation where an application to reopen has been filed. Whether to grant an application or motion to reopen a bankruptcy case is discretionary with the bankruptcy court. In Wragg v. Federal Land Bank, 317 U.S. 325 (1943), it was held that refusal of the bankruptcy court to reopen its original order of dismissal was within its sound discretion. Numerous cases in bankruptcy courts decided after the effective date of the 1978 Bankruptcy Act have held that whether to reopen a case is within the sound discretion of the bankruptcy court. See Virgin Islands Bureau of Internal Revenue v. St. Croix Hotel Corp., 60 Bankr. 412 (D.V.I. 1986); In re Blossom, 57 Bankr. 285 (Bankr. N.D. Ohio 1986); In re Hayes, 54 Bankr. 920 (Bankr. W.D. Ky. 1985).Since the bankruptcy court has not acted on petitioner's application to reopen the case, there is no pending case in the bankruptcy court which could cause an automatic stay of proceedings in this Court under section 362(a) of the Bankruptcy Code *351 . The application to reopen the bankruptcy case filed under section 350 of the Bankruptcy Code is not a petition filed under sections 301, 302, or 303 of that Code nor is it comparable to such a petition. It is nothing more than a motion, the granting of which is within the discretion of the bankruptcy court. The application may never be granted. Since the case has not been reopened by the bankruptcy court, we do not reach the question of whether a reopening would be the equivalent of the filing of a petition under sections 301, 302 or 303 of the Bankruptcy Code, so that a stay of proceedings in this Court would come into effect. We, therefore, conclude that there is no stay prohibiting us from acting on respondent's motion to strike certain allegations because of our lack of jurisdiction to determine whether petitioner's taxes were discharged in bankruptcy. Since we have concluded that we lack jurisdiction to make such a determination, respondent's motion is granted and paragraphs 4.b. and 5.g., including all subparagraphs and subparagraphs of subparagraphs of paragraph 5.g., are stricken from the petition. An appropriate order will be entered in accordance with this opinion, *352 which order will also allow respondent 60 days from the date of the order to file an answer to the remaining allegations in the petition. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as applicable to the year here in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩