**In re Daniel Hurry DICKERSON, Mary Alice Dickerson, Debtors.**

**The SECRETARY OF VETERANS AFFAIRS and Federal National Mortgage Association, Plaintiffs,**

v.

**Daniel Hurry DICKERSON and Mary Alice Dickerson, Defendants.**

**Bankruptcy No. 90–01251.
Adv. No. 90–0176.**

United States Bankruptcy Court,
S.D. Alabama.

April 19, 1991.

William M. Clarke, Mobile, Ala., for debtors.

Samuel M. McMillan, Mobile, Ala., for Federal Nat. Mortg. Ass'n.

Eugene A. Seidel, Asst. U.S. Atty., Mobile, Ala., for the Secretary of Veterans Affairs.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge:

This matter came on for hearing on confirmation of the amended proposed plan of the Debtors, Daniel Hurry Dickerson, and Mary Alice Dickerson; on the Joint Rejection of the amended plan by the Claimants, the Secretary of Veterans Affairs, and the Federal National Mortgage Association; the Joint Conditional Objection to Confirmation; and on the Complaint for declaratory judgment and coercive relief by the Claimants. Appearing were the Debtors, and their attorney, William M. Clarke; Samuel M. McMillan, attorney for Federal National Mortgage Association; and Eugene A. Seidel, Assistant U.S. Attorney for the Secretary of Veterans Affairs. After due deliberation on the testimony, pleadings, arguments of counsel and briefs subsequently filed, the Court concludes and holds as follows:

## FINDINGS OF FACT

The Debtors filed a Chapter 13 petition with this Court on February 19, 1987. The Debtors listed the Claimant, Federal National Mortgage Association ("FNMA"), as a secured creditor holding a first mortgage on real property described as Lot 205, Gulf Manor, Second Addition, as recorded in Map Book 9, Page 121 in the office of the Judge of Probate, Mobile County, Alabama (hereinafter "Lot 205").[1] Although FNMA's mortgage was not included in the Debtors' Chapter 13 proceeding, the Debtors' confirmed plan required them to make monthly payments of $166.00 directly to FNMA. FNMA filed a motion for relief from the automatic stay (11 U.S.C. § 362) on March 26, 1987, which was dismissed without prejudice on FNMA's own motion on June 2, 1987. FNMA filed a second motion for relief from the stay on July 6, 1987, and, on August 11, 1987, the Court again dismissed the relief motion at FNMA's request.

FNMA filed a third motion for relief from the stay on August 1, 1989 in order to foreclose on the mortgage. After being reset several times, the hearing on FNMA's motion for relief from the stay was scheduled for May 21, 1990. In the interim, the Debtors completed all payments due under the plan, and were granted a discharge from the Chapter 13 proceeding on May 11, 1990. FNMA withdrew its motion for relief from stay on May 30, 1990. During the pendency of FNMA's third motion for relief, the Debtors commenced making the FNMA mortgage payments to their attorney's trust account. Currently the Debtors' attorney has in trust in excess of $2,000.00 to pay toward the arrearage of this debt.

On June 15, 1990, FNMA foreclosed on the mortgage on Lot 205 by public auction. FNMA attempted to give notice to the Debtors by certified mail. The Debtors assert they never received the certified letter of notice. The Debtors' attorney, William M. Clarke, was given no notice of the foreclosure prior to the sale. FNMA pur-

---

1. A second mortgage on Lot 205 with a balance of $8,000.00 is held by ITT Financial Services.

chased the mortgage and later conveyed Lot 205 to the Veterans Administration by special warranty deed on June 19, 1990; the deed was recorded in Real Property Book 3586, Page 541 of the Mobile County Probate Court on June 25, 1990. At the time of the foreclosure, the mortgage payments of $195.00 per month were in arrears for 25 months. The last payment was made in August 1989, and was applied to the payment due on May 1, 1988. The accrued delinquency at foreclosure was over $6,000.00.

The Debtors filed a second Chapter 13 proceeding with this Court on June 19, 1990, four days after FNMA's foreclosure on Lot 205. In their schedule of assets, the Debtors estimate the market value of Lot 205 to be $38,000.00, and the balance remaining under the mortgage to be $15,000.00. The balance remaining under the second mortgage to ITT Financial Services is $8,000.00. There appears to be equity in the property.

After the Claimants objected to the original plan, the Debtors submitted an amended plan. The Claimants filed a joint rejection of the amended plan, a joint conditional objection to confirmation of the plan and a joint complaint requesting a declaratory judgment and coercive relief, seeking to have the June 15 foreclosure held to be effective, to establish the Claimants' rights to Lot 205, and to compel the Debtors to vacate the premises.

## CONCLUSIONS OF LAW

■ At issue before this Court is a bankruptcy court's jurisdiction over property of a debtor in a Chapter 13 proceeding initiated after a foreclosure sale of the disputed property. The Claimants assert the mortgage on Lot 205 cannot be included in the Debtors' Chapter 13 plan because the June 15 foreclosure sale terminated any property rights the Debtors had in Lot 205. Further, because the Debtors had no property interest in Lot 205 at the Chapter 13 filing, this Court had no jurisdiction over Lot 205.

The Eleventh Circuit Court of Appeals has held that the debtor's equitable and statutory rights of redemption arising after a foreclosure sale are property rights within the jurisdiction of the bankruptcy court. *In re Saylors*, 869 F.2d 1434, 1437 (11th Cir.1989). Section 1334(d) of Title 28 of the United States Code gives the bankruptcy court derivative jurisdiction[2] over "all of the property, ... of the debtor as of the commencement of [the] case, and of property of the estate." *Saylors*, 869 F.2d at 1436–37. Under Alabama law, a debtor has both an equitable right of redemption until a foreclosure sale occurs,[3] and a statutory right of redemption under § 6–5–248(b) of the Code of Alabama (1975).[4] The *Saylors* court reasoned that "either of these property rights is sufficient to give the bankruptcy court jurisdiction over a debtor's home." *Id.* at 1437. Therefore, the June 15 foreclosure sale and the subsequent warranty deed transferred title of Lot 205 to the Veterans Administration subject to the Debtors' redemptive rights. This Court finds that the Debtors' statutory right of redemption under § 6–5–248(b) of the Code of Alabama (1975) provides this Court with jurisdiction over the disputed property even after the June 15 foreclosure.

■ Under § 1322(b) of the Bankruptcy Code, a debtor's Chapter 13 plan may provide for the cure of any default. The Second Circuit Court of Appeals interpreted the debtor's right to "cure" to allow deacceleration of a mortgage and reinstatement of the payment schedule. *In re Taddeo*, 685 F.2d 24, 26–28 (2nd Cir.1982). The *Taddeo* court reasoned that requiring the debtor to redeem the mortgage with a lump-sum payment, as provided by state law, would leave the debtor with a very limited right to cure. *Id.* at 29.

2. The bankruptcy courts' jurisdiction originates in the district courts under 28 U.S.C. § 157(a)–(b)(1).

3. *Trauner v. Lowrey*, 369 So.2d 531 (Ala.1979).

4. Section 6–5–230 cited in *Saylors* was repealed by Acts 1988, No. 88–441, p. 647, § 14, effective January 1, 1989 and replaced by § 6–5–248(b) of the Code of Alabama (1975).

The question of notice to the Debtors and their attorney of the scheduled foreclosure sale, the Debtors' equity in the property, and the Debtors' payments to their attorney in trust persuade this Court that the Debtors should be allowed to cure the arrearage on the first mortgage on Lot 205 and repay the debt in their present Chapter 13 proceeding as provided in their amended plan. However, the foreclosure sale will not be set aside until the arrearage has been brought current.

Based on the foregoing, the Claimants' Joint Conditional Objection to the amended plan is due to be overruled; the Debtors' amended plan is due to be confirmed; and the Claimants' Joint Complaint for Declaratory Judgment and Coercive Relief are due to be denied.