In re Leila Kay BOZEMAN, Debtor.

Bankruptcy No. 93–01683–RRS–13.

United States Bankruptcy Court,
M.D. Alabama.

July 30, 1993.

Barry E. Teague, Montgomery, AL, for debtor.

John S. Bowman of Balch & Bingham, Montgomery, AL, for creditor Secor Bank.

### OPINION ON MOTION TO LIFT STAY AND ON MOTION TO RECLAIM REAL PROPERTY
(Secor Bank)

RODNEY R. STEELE, Chief Judge.

The motion of the above creditor for relief from stay, and the motion by debtor to reclaim real property were heard by the court on July 26, 1993.

### FACTS

The important facts are without dispute. On March 9, 1993, James Bozeman, the husband of this debtor, filed a Chapter 13 bankruptcy. On March 15, 1993, Secor, the mortgage holder, filed a motion for relief from stay to foreclose on certain property which it now appears was not property of James D. Bozeman, but of his wife Leila Kay Bozeman. On May 5, 1993, this court granted Secor's motion authorizing foreclosure.

On May 12, 1993, a foreclosure sale on the property was held, and Secor purchased at the foreclosure.

Then on May 13, 1993, the debtor filed a Chapter 13 bankruptcy petition which effectively stopped Secor from exercising its right to obtain possession of the real property.

Secor thereupon filed its motion for relief from stay on June 1, 1993.

On June 4, 1993, the debtor filed a motion to reclaim this real property, and asserts therein and in her proposed plan that she wishes to set aside the foreclosure, and authorize debtor in her Chapter 13 plan to

provide for retention of the property by the curing of defaults and resumption of payments on the mortgage.

The debtor thereafter failed to appear for her § 341 meeting of creditors, and sought additional time to file schedules. She had, in the meantime, changed her attorneys.

### ISSUE

The issue raised here is whether a debtor in a Chapter 13 case, after foreclosure of a mortgage on the debtor's residential property can set aside the foreclosure, or otherwise retain the property or continue payments on the mortgage.

The court concluded at the hearing on July 26, 1993, that the debtor could not treat the mortgage or any interest she might have in the property in a Chapter 13 proceeding.

### CONCLUSIONS

■ There is no question in this Circuit now that the statutory right of redemption under Alabama law is property of the estate in a bankruptcy proceeding. *See Wragg v. Federal Land Bank of New Orleans,* 317 U.S. 325, 329, 63 S.Ct. 273, 275, 87 L.Ed. 300 (1943); *In re Saylors,* (11th Cir.1989) 869 F.2d 1434.[1]

What can the debtor do in a Chapter 13 plan with only a statutory right of redemption?

■ The debtor proposes to use the provisions of 11 U.S.C. §§ 1322(b)(2) and 1322(b)(5) to cure the arrearage both pre- and post-petition in her plan upon the setting aside of the foreclosure and a reinstatement of the mortgage.

The conclusion reached in *In re Glenn,* (6th Cir.1985) 760 F.2d 1428 is the correct one on this question. Debtor cannot cure after foreclosure.

A so-called "cure" under § 1322(b)(5) is not available to the debtors here because § 1322(b)(5) permits cure where the last pay-

ment is due on the debt claimed after the date on which the last payment under the plan is due. Here there is no last payment due at all. Foreclosure has concluded the question of payments. Nor is there a default to cure. The foreclosure has cured the default, in effect.

The holding in *In re Glenn* has also been the ruling in *Johnson v. First National Bank of Montevideo,* (8th Cir.1983) 719 F.2d 270, 275, *cert. den.* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984).

The debtor calls attention to *In re Dickerson,* 130 B.R. 110, (Bankr.S.D.Ala.1991), which concluded that since the court has jurisdiction of the statutory right of redemption, it could set aside the foreclosure and authorize the debtor to reinstate the mortgage and cure the defaults. The *Dickerson* case, which involved a foreclosure before bankruptcy, highlights the difference between setting aside a foreclosure and reinstating the mortgage on the one hand, and allowing the debtor to exercise his statutory right of redemption in bankruptcy under a Chapter 13 plan.

We can find no authority for setting aside a foreclosure under the Bankruptcy Code. The foreclosure in this case is not alleged to be a preference or a fraudulent conveyance.

■ The one remaining property interest which the debtor does have is his statutory right of redemption, which permits him to redeem the property as provided for in the Alabama Code, § 6–5–248(b).

To allow debtor to exercise the statutory right in bankruptcy by stretching out payments over five years is nowhere authorized in the Code. It is a property right, but it is strictly limited by the terms of its statutory grant. The court in the *Glenn* case, *supra,* refused to entertain this treatment in a Chapter 13 plan. The court concluded:

> Although it is possible in theory to hold that a Chapter 13 debtor is entitled to pay the redemption amount over the life of the

**1.** Two comments about this conclusion. The Alabama courts have held that the statutory right of redemption is not a property or property right. *Alabama Home Mortgage Co. v. Harris,* 582 So.2d 1080 (Ala.1991). The conclusion reached in *Say-*

*lors* that the statutory right of redemption is sufficient to give the Bankruptcy Court jurisdiction over a debtor's home was a conclusion in that case not necessary to its decision. No foreclosure had occurred in that case.

plan and also to hold that the statutory redemption period is not tolled by the bankruptcy proceeding, the practical effect of allowing the debtor to pay the redemption amount over an extended period would, in many respects, be the same as a suspension of the redemption period....

Since the debtor's right is a statutory right, our conclusion is that it is limited in its terms by the provision of the Alabama statute which grants the right.

An appropriate order will enter.

### ORDER ON MOTION TO LIFT STAY AND ON MOTION TO RECLAIM REAL PROPERTY

(Secor Bank)

By an opinion entered today, the court has concluded that because the debtor's bankruptcy case was filed after foreclosure, the only remaining property of the debtor in her residence is the statutory right of redemption which must be exercised strictly in accordance with the terms of the Alabama statute, which grants that right, and it is

ORDERED that the motion to lift stay is GRANTED, and the motion to reclaim the real property by the debtor is DENIED.